Thomas J. Scharrer
27090 N. 97th Lane
Peoria, Arizona 85383
Phone (480) 467-9151
thomasscharrer@yahoo.com
*Plaintiff Represented Pro Per*

```
_____ FILED       _____ LODGED
_____ RECEIVED    _____ COPY

        MAY 1 4 2013

   CLERK U S DISTRICT COURT
     DISTRICT OF ARIZONA
BY_____ P DEPUTY
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

THOMAS J. SCHARRER a single man,

    Plaintiff,

    vs.

THE CITY OF PEORIA, a municipal
corporation; ALLEN YOUNG, in his
individual capacity; KEVIN MORAN in his
individual capacity; TOM HORNE, Attorney
General of Arizona in his official capacity;
JOHN DOES 1-10, fictitious individual
defendants; JANE DOES 1-10, fictitious
individual defendants;

    Defendant(s).

Case No. 2:12-cv-01743-SLG

**PLAINTIFF'S FIRST AMENDED
COMPLAINT AND REQUEST FOR
INJUNCTIVE RELIEF**

Plaintiff Thomas J. Scharrer, a single man, individually allege as follows;

### JURISTICTION AND VENUE
### Add moving force

1.      This action arises under 42 U.S.C. § 1983 and the, First, Fifth and Fourteenth

Amendments to the United States Constitution and violations of the state laws of Arizona

and the Arizona Constitution. This Court has jurisdiction over this action pursuant to 28

U.S.C. §§ 1331 and 1343(4). Jurisdiction to grant the relief requested and to grant

declaratory judgment is conferred by 28 U.S.C. §§ 2201 and 2202. This Court also has

jurisdiction as to any state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in this District under 28 U.S.C. 28 U.S.C. § 1391 and § 1367.

**THE PARTIES**

3.     Plaintiff Thomas J. Scharrer, a single man, was a resident of Maricopa County at all relevant times to this complaint;

4.     Plaintiff alleges that the allegations contained herein are continuing violations and that none of the Defendants have done anything to correct the behavior and instead have ratified the conduct;

5.     Defendant City of Peoria ("Defendant Peoria") is a municipal entity duly organized under the laws of the State of Arizona which caused an event to occur in Maricopa County from which this suit arises. The City of Peoria Police Department is a Department of the City of Peoria. Peoria's longstanding unconstitutional policy's or procedures and its failure to properly train its officer's that was the moving force that caused injury to Plaintiff that gives rise to this complaint. The City of Peoria is responsible for the conduct of Defendant Young and Defendant Moran at all times relevant hereto;

6.     At all times relevant herein, Defendant Allen Young ("Defendant Young") was employed with the Peoria Police Department and caused an event to occur in Maricopa County from enforcing a long standing unconstitutional policy or procedure that Defendant Young was improperly trained and or supervised that was the moving force that caused injury to Plaintiff.  Defendant Young was acting within the scope of his authority under the color of state law at all times relevant to this Complaint;

7.     At all times relevant herein, Defendant Kevin Moran ("Defendant Moran") was employed with the Peoria Police Department and caused an event to occur in Maricopa County from enforcing a long standing unconstitutional policy or procedure was improperly trained and ratified the conduct of Defendant Young after being placed on notice. Defendant Moran was acting within the scope of his authority under the color of law at all times relevant to this Complaint. Defendant Moran either directly participated in the violation, failed to remedy the violation after being informed of it, or he was grossly negligent in supervising Defendant Young who committed the violation and was

1  deliberately indifferent to the rights of Plaintiff by failing to act on information that

2  constitutional rights were being violated. Defendant Moran knowingly condoned and

3  ratified the actions of Young that he reasonably should have known would cause

4  constitutional injuries that was the moving force that caused injury to Plaintiff;

5  8.      At all times relevant herein, Defendant Tom Horne ("Defendant Horne") was

6  employed with the Attorney Generals Office and caused an event to occur in Maricopa

7  County from which this suit arises. Defendant Horne was acting within the scope of his

8  authority committing ongoing violations of federal law that was the moving force that

9  caused injury to Plaintiff. At all times relevant to this Complaint subjecting himself to

10  prospective relief;

11  9.      The Arizona Attorney General Tom Horne is the "chief law enforcement officer of

12  the state" which grants him direct supervision over every county attorney, sheriff and other

13  law enforcement officers designated by law;

14  10.     The Arizona Attorney General Tom Horne or his designee is and was appointed to

15  the Community Notification Guidelines Committee at all time relevant to this complaint;

16  11.     The Attorney General Tom Horne also supervises the operations of the Department

17  of Arizona Department of Public Safety who is responsible for private investigator

18  licensing and implementing and overseeing Arizona's sex offender registration

19  requirements, including the creation and maintenance of the database;

20  12.     The laws require that local law enforcement collect sex offender information and

21  make the information available therefore, all Arizona law enforcement personnel who

22  collect sex offender information relating to registrants sex offender information and online

23  identifiers do so as agents of and in active participation with Defendant Horne;

24  13.     At all times relevant hereto, Defendants acted under color of state law;

25  14.     Defendants John Does 1-10 and Jane Does 1-10 are unknown defendants who may

26  be identified at some future date as having responsibility for the incidents that occurred in

27

this case. In the event their identities become known, Plaintiff will amend the complaint accordingly;

## THE STATITORY SCHEME

15.     Pursuant to A.R.S. § 13-3821 *et. seq.*, person convicted of certain specified offenses are designated as "sexual offenders" who must register with the sheriff of the County where they reside (hereinafter, "registrants"). Registration as a "sexual offender" is required solely on the basis of a qualifying conviction for the offences enumerated in the statute;

16.     A.R.S. §13-3821 directs that chief of police to conduct risk assessments of individuals convicted in other jurisdictions pursuant to guidelines adopted by the community notification guidelines committee ("CNGC") established in 1997 by A.R.S. § 13-3826;

17.     That risk assessments and community notification may only be conducted on persons convicted of qualifying convictions pursuant A.R.S. § 13-3821 that were convicted prior to June 1st, 1996 in accordance with the guidelines adopted by the CNGC;

18.     A.R.S. § 13-3826, which enacted in 1997 directs the CNGC to develop a process through which sex offenders can obtain classification level review hearings. The CNCG final report was due December 15th, 2004 that was filed without completing legislations intent or objectives promised in the laws;

19.     Plaintiff alleges that the CNGC never developed such a process for all offenders to be afforded a standardized process (pre-deprivation hearing) to seek classification level review hearings wherein the Court can also determine whether or not the offender is even required to register any longer;

20.     Persons required to register as sex offenders are required to provide information as required by the Department of Public Safety. The person must also be photographed and fingerprinted by the sheriff. The statement, photograph, and fingerprints are then forwarded to the criminal identification section with the Department of Public Safety and the Chief of Police, if any, of the place where the individual resides. A.R.S. § 13-3821 *et. seq.;*

-4-

21.     Upon the initial registration and every year thereafter, the person must obtain a non-operating identification card or driver license from the motor vehicle division of the Department of Transportation. The license is valid for one year and the person must provide proof of his or her address to the Department of Transportation. A.R.S. § 13-3821(J);

22.     Within seventy-two hours after moving from the person's address within a county or changing his or her name, the registrant must inform the sheriff in person and in writing of the registrant's new address and/or new name. If the registrant moves to a location which is not a residence and the person receives mail at a post office box, the registrant must notify the sheriff of the location of the post office box and its number. Within three days, the sheriff must forward this information to the criminal identification section of the department of public safety and chief of police from where the registrant moves. This information will then be forwarded to the chief of police where the registrant moves. A.R.S. § 13-3822(A);

23.     Within seventy-two hours after moving from a county in which the person is registered, the registrant shall notify in writing the sheriff of the county from which the registrant moved. If the registrant is subject to community notification, the sheriff shall then advise the local law enforcement agency of the county to which the registrant moved. If the registrant moves out of the state, the sheriff shall notify the local law enforcement agency of the jurisdiction to which the registrant moves. The local law enforcement agency shall then contact the Department of Public Safety within ten days of being notified to determine if the person has registered. If not, the local law enforcement agency shall notify the local law enforcement agency of the county where the registrant last resided which will conduct an investigation and report to the appropriate county attorney. A.R.S. § 13-3822(B);

24.     Any person who is subject to registration and fails to comply with the requirements of the aforementioned sections is guilty of a class 4 felony A.R.S. § 13-3824;

25.     Within seventy-two hours after a person who was convicted of one of the enumerated offences is released from confinement or who has accepted for supervision of parolees and probationers, the agency who has custody or responsibility for the supervision of the person must provide the registrant's "identifying information" to the Department of Public Safety. The agency must also complete and provide a risk assessment of the registrant. D.P.S. then enters the information and risk assessment into a sex offender profile and notification database. A.R.S. § 13-3825(A);

26.     Following the tenth day after the registrant is released from confinement or sentenced to probation, the Department of Public Safety must forward the information to the sheriff of the county where the person is registered. A.R.S. § 13-3825(B);

27.     After receiving the information the sheriff must forward it to the chief law enforcement officer of the community where the registrant resides. The local law enforcement agency must then classify each registrant and place him or her into a notification level. Within forty-five days, the local enforcement agency shall notify the community of the registrant pursuant to "guidelines" established by the community notification guidelines committee hereinafter referred to as ("CNGC"). A.R.S. § 13-3825(C);

28.     A.R.S. § 13-3825(H) does not prohibit law enforcement officers from giving a community notice of any circumstances or persons that pose a danger to the community under circumstances that are not provided for under this section. The statute fails to set forth any standards to determine the circumstances as to when a person or circumstance presents a "danger to the community and conflicts with A.R.S. § 13-3826(F);

29.     That A.R.S. § 13-3826(F) states in part *The committee shall adopt guidelines regarding how community notification pursuant to section 13-3825, subsection K should be conducted, including whether community notification should occur. The guidelines should provide for flexibility based on the resources and the availability of records. The committee*

1 | *may adopt procedures that allow offenders required to register not to be classified if*
2 | *necessary records are not available."* This was never done as required;

3 | 30.    When an individual is assessed as a level I offender, the local law enforcement
4 | agency that is responsible for notification must maintain the offenders identifying
5 | information which may be given to other law enforcement agencies and individuals with
6 | whom the offender resides.

7 | 31.    For Level II offenders, law enforcement may notify immediate neighbors, schools,
8 | appropriate community groups, and prospective employers. The notification may include a
9 | flyer with the offender's photograph, exact address and a summary of the offender's status
10 | and criminal background. A.R.S. § 13-3826(E)(1)(A);

11 | 32.    Level II registrants must also have their information posted on an internet sex
12 | registrant website, maintained by the Department of Public Safety, which is disseminated to
13 | the public. The information on the registrant's name, exact address, date of birth, current
14 | photograph and information on the offence committed. A.R.S. § 13-3827 *et. seq.*;

15 | 33.    Upon information and belief, there is no procedure to permit registrants to contest
16 | the assigned classification, risk assessment, or the necessity of notification to protect the
17 | public or any individual in the jurisdiction from the registrant;

18 | 34.    There is no procedure under which registrants can appeal any determination of the
19 | assigned classification, risk assessment, notification level, or that it is necessary or
20 | mandated. Upon information and belief, there is no review or oversight of the
21 | classifications, risk assessments, or notification level determinations made by law
22 | enforcement personnel;

23 | 35.    Even after a risk assessment is conducted on a particular registrant who is then
24 | assigned a specific notification level (i.e., Level I or Level II), law enforcement personnel
25 | are still permitted to change and raise the notification level of the registrant (i.e., from a
26 | Level I to a Level II or Level III). This can occur several years after the date on which the
27 |

1  original risk assessment and notification level was determined, and does not have to be

2  based on any new or additional facts to risk;

3  36.     A.R.S. § 13-3825(H) does not provide any standards to determine the circumstances

4  under which notification is necessary to protect the public or any individual, or when the

5  registrant constitutes a "danger to the community.";

6  37.     The system of designating a person as a "sex offender" and placing them in a risk

7  assessment which then permits or mandates community notification as described above

8  suggests to the public that Arizona law enforcement officials have made an objective and

9  reasonable determination that the persons to designated pose a danger to the community;

10  38.     That according to A.R.S. § 13-3825 Section (L) The Court may continue, defer or

11  terminate community notification after a hearing held pursuant to section 13-923;

12  39.     That According the A.R.S. § 13-3825 Section (K) it states in part *"registration*

13  *requirements of section 13-3821 and who committed the offence before June 1st, 1996 may*

14  *conduct a risk assessment for the offender as existing resources are available pursuant to*

15  *the guidelines adopted by the Community Notification Guidelines Committee pursuant to*

16  *section 13-3826."* Upon information and belief the *Community Notification Guidelines*

17  *Committee* never adopted guidelines for which would allow officers to conduct risk

18  assessments on offenders who committed the offence before June 1st, 1996;

19  40.     Upon information and belief Defendant Young and Defendant Moran conducted a

20  risk assessment on Plaintiff without any guidelines for offenders who committed their

21  offence before June 1st, 1996 since it is known the Community Notification Guidelines

22  Committee never adopted such guidelines;

23  41.     That according to A.R.S. § 13-3826(E)(2) it states in part *"Develop and recommend*

24  *a process for a sex offender to request a notification level review and for the Court to*

25  *determine if sex offender notification level may be reduced or the offender is no longer*

26  *required to register."* Upon information and belief the Community Notification Guidelines

27  Committee never developed a process for all sex offenders to receive a pre deprivation

1   hearing or a level review hearing process similar to A.R.S. 13-923 that juvenile offenders
2   are afforded;

3   42.     That according to A.R.S. § 13-3826 Section (3) it states in part the Community
4   Notification Guidelines Committee is to *"Study whether there is uniform and consistent*
5   *application of the community notification guidelines on a statewide basis, including*
6   *whether offenders who pose similar risks are assigned similar notification levels in*
7   *different jurisdictions.";*

8   43.     That A.R.S. § 13-3826 Section (F) states in part *"The committee shall adopt*
9   *guidelines regarding how community notification pursuant to section 13-3825, subsection*
10  *K should be conducted, including whether community notification should occur. The*
11  *guidelines should provide for flexibility based on the resources and the availability of*
12  *records. The committee may adopt procedures that allow offenders required to register not*
13  *to be classified if necessary records are not available."* Upon information and belief the
14  Community Notification Guidelines Committee did not adopt these guidelines in their final
15  report dated 12/15/04 and later abandoned the committee and what they were mandated to
16  complete;

17  44.     That A.R.S. §§ 13-3821(I)(J) and 13-3822(C) requires registered offenders
18  *"required to register pursuant to this article to notify the sheriff within seventy two hours,*
19  *excluding holidays, after a person makes any change to any required online identifier, and*
20  *before any use of a changed or new required online identifier."* These statutes require
21  registrants to provide information about online activities that have no possible relationship
22  to criminality, such as identifying information Plaintiff would use to post comments about
23  articles on newspapers websites or identifying information Plaintiff could use to access
24  political discussions. These requirements burden the online speech of Plaintiff and infringe
25  on the rights to engage in lawful, anonymous speech on the Internet. These statutes are also
26  overly broad and constitutionally vague;

27

45.     That the State of California is already being restrained from similar requirements to disclose "online identifiers" in the United States District Court for the Northern District of California Case No. 3:12-cv-05713-THE Doc. 78 filed 01/11/13;

**COMMON ALLEGATIONS**

46.     On December 21, 1991, Plaintiff plead guilty to one count of indecent exposure pursuant to PC 314.1, wherein Plaintiff moon/flashed car to car on a California Highway with no findings of sexual motivation. The jurisdiction of the case is Orange County California Superior Court in Case No. C89189 and Plaintiff was ordered to register as a sex offender in California pursuant PC 290;

47.     Plaintiff was released from custody and returned to Arizona pursuant to interstate compact sometime in 1992 wherein he went to the Sheriff's office to inquire if he was required to Register in Arizona. Plaintiff was told that if he was required to register in California for the one court ordered offence that he was required to register in Arizona as a level one;

48.     In Arizona a person must meet the qualifications pursuant to A.R.S. § 13-3821 *et. seq.* before the law requires registration in Arizona;

49.     Plaintiff owes a duty to California's registration requirements for only one misdemeanor count of indecent exposure pursuant to PC 290;

50.     Plaintiff has never been assigned a risk level higher than a level I;

51.     That previous to living in Peoria Plaintiff lived in Fountain Hills Arizona, where he had lived for approximately 11 years as a level I.

52.     Plaintiff alleges that as plainly as A.R.S. § 13-3821(A)(15),(16),(17),(18) reads the laws of Arizona only require out of state offenders to register for convictions where the out of state court has ordered registration the meet the criteria;

53.     That Plaintiff has not had any convictions of indecent exposure or any other sex related offenses(s) since the 1991 California conviction;

54.     That Plaintiff moved to Peoria Arizona in or about June of 2011;

55.     That Plaintiff's status as a registrant pursuant to A.R.S. §13-3821 has not been subject to community notification prior to moving to Peoria Arizona;

56.     That Plaintiff's level has never been assessed higher than a level one prior to moving to Peoria, Arizona;

57.     A.R.S. § 13-3826 which was enacted 1997 directed the Community Notification Guidelines Committee to develop a process through which sex offenders can obtain level review hearings of which the "CNGC" failed to develop such a process;

58.     Currently Arizona law enforcement uses a 19 point risk assessment tool to perform risk assessments pursuant to A.R.S. § 13-3825 et. seq. for persons who are required to register pursuant to A.R.S.§ 13-3821 et seq. that currently only applies to offenders convicted on or after June, 1st, 1996;

59.     Plaintiff alleges that Defendant Young and Defendant Moran were improperly trained due to their defective risk assessment that caused community notification on Plaintiff wherein it should have not taken place according to A.R.S. § 13-3825(K) that was the moving force that caused injury to Plaintiff;

60.     Plaintiff alleges that the City of Peoria is responsible for Defendant Young requiring Plaintiff to register pursuant to A.R.S. § 13-3821 et. seq. and for Defendant Moran ratifying the conduct since Plaintiff was only ordered to register in California pursuant to PC 290 for one offence and it would have took multiple court ordered convictions from California wherein the Court ordered registration. As a result the Defendants have violated Plaintiff's 5th and 14th Amendment which was the moving force that caused injury to Plaintiff;

61.     Plaintiff alleges that the City of Peoria is responsible for failing to properly train and supervise its officers the Defendants Young and Moran when conducting risk assessments and community notification to know the boundaries and limitations of registrants convicted prior to June 1st, 1996 since no guidelines were never developed for those offenders by the Community Notification Guidelines Committee to allow risk assessments for those offenders that was the moving force that caused injury to Plaintiff;

62.     Plaintiff alleges that the City of Peoria is responsible for failing to properly train and supervise its officers Defendants Young and Moran for requiring Plaintiff to register for a California conviction for one count of indecent exposure when court ordered registration for one court ordered conviction does not meet the requirements pursuant to A.R.S § 13-3821(A). As a result Defendant Young and Defendant Moran not only required Plaintiff to register but they conducted an incomplete risk assessment and ordered community notification after reclassifying Plaintiff as a level II offender that was the moving force that caused injury to Plaintiff;

63.     That Plaintiff was contacted by Defendant Young a police of the Peoria Police Department acting within the scope of his authority under the color of law to conduct a risk assessment on or about June 29th, 2011 and Plaintiff specifically told Defendant Young that he was unaware of this process because he has never been subjected to it and that he did not feel comfortable proceeding without counsel;

64.     That despite Plaintiff's plea to have counsel present Defendant Allen Young a police officer of the Peoria Police Department acting within the scope of his authority under the color of law placed Plaintiff on hold on the phone and returned a couple of minutes later and told Plaintiff that he raised his level to a level II, which is subject to community notification that was the moving force that caused injury to Plaintiff;

65.     That Plaintiff pleaded with Defendant Allen Young and his Defendant Kevin Moran to hold off on the Community Notification and Internet posting until Plaintiff could get access to a level review hearing. Plaintiff further pleaded that he was a licensed private investigator and that this would destroy his career and the defendants denied any corrective behavior which was the moving force that caused injury to Plaintiff;

66.     That Plaintiff sent a letter to Defendant Moran dated 06/30/11 informing him of the deficiencies of the risk assessment and his initial legal position. Plaintiff followed up with a phone call to Defendant Moran and he stated that he was not going to disturb the risk

1  assessment conducted by Defendant Young and he therefore ratified it even after being put

2  on notice that was the moving force that caused injury to Plaintiff;

3  67.    Plaintiff was arbitrarily required to register, Plaintiff's one prior court ordered

4  conviction from California does not make him subject to registration pursuant to A.R.S. §

5  13-3821 *et. seq.*, and that the subsequent conduct of the Defendants violated his equal

6  protection and due process rights that was the moving force that caused injury to Plaintiff;

7  68.    That because Plaintiff was a licensed private investigator at the time of the

8  allegations alleged herein, there were factors which indicated that risk or harm to the

9  offender or immediate family members outweighed the benefit derived from placing

10  Plaintiff on community notification, the distribution of community notification and flyers

11  and being placed on the sex offender website that was the moving force that caused injury

12  to Plaintiff;

13  69.    That Plaintiff had a property/liberty interest in the continued freedom to practice as a

14  private investigator which Defendants knew would be destroyed by the arbitrary

15  assignment of level II, with subsequent community notification and publication on the

16  websites that was the moving force that caused injury to Plaintiff;

17  70.    That on or about July 7th, 2011 acting under the color of state law acting within the

18  scope of their authority in connection with the enforcement of A.R.S. § 13-3825, *et. seq.*

19  Defendant Allen Young and Defendant Kevin Moran of the Peoria Police Department

20  actually caused the delivery of community notification flyer(s) with Plaintiff's exact

21  address to the Neighbors of Plaintiff that was the moving force that caused injury to

22  Plaintiff;

23  71.    Due to Defendant Young and Defendant Moran's arbitrary determination that

24  Plaintiff was a level II offender, the Department of Public Safety then placed Plaintiff on its

25  sex offender website. The information included Plaintiff's photograph, exact address and

26  information regarding his conviction that causes Plaintiff to register with other information

27  that was the moving force that caused injury to Plaintiff;

-13-

72.     That Defendant young conducted and Defendant Moran affirmed and ratified a flawed incomplete risk assessment of Plaintiff pursuant to A.R.S. § 13-3825(K) wherein it states in part *"Community notification pursuant to this section and sex offender web site notification pursuant to section 13-3827 shall only be conducted after the risk assessment is complete."* that was the moving force that caused injury to Plaintiff;

73.     The risk assessment classification and community notification was not complete that took place on or about July 7th, 2011 since community notification took place prior to the Defendants Young and Moran receiving the court documentation of Plaintiff's underlying conviction that was ordered on or about July 27th, 2011 by the Peoria Police Department that was the moving force that caused injury to Plaintiff;

74.     Plaintiff's rights violated by the arbitrary classification without compliance with A.R.S. § 13-3825(K). The risk assessment was never completed and Defendant Young could never of conducted a proper 19 point risk assessment since he did not have the records from Plaintiff's underlying conviction to complete the assessment. Defendant Moran ratified the conduct of Defendant Young even after being put on notice and once on notice did nothing to correct it which, was the moving force that caused injury to Plaintiff;

75.     That when Defendant Young conducted the risk assessment on Plaintiff and effectuated community notification that was affirmed and ratified by Defendant Moran, neither of the Defendants were in possession of any official court documents of the underlying conviction of Plaintiff wherein he was ordered to register in California that was the moving force that caused injury to Plaintiff;

76.     That upon information and belief Defendant Young and Defendant Moran placed Plaintiff the City of Peoria's Sex Offender Website that is owned operated and maintained by a private entity "Watch Systems LLC" located at 516 E. Rutland Covington, LA 70433 Phone 985-871-8110 with an email contact of jroberts@watchsystems.com, that was the moving force that caused injury to Plaintiff;

-14-

77.     Plaintiff alleges that since the City of Peoria (contracts) owns or operates it own sex offender registry, in doing so they adopted their own policies and procedures that was the moving force that caused injury to Plaintiff;

78.     Plaintiff alleges that the state gives local law enforcement the authority to conduct risk assessments at their own discretion of which has caused registrants to be treated differently in different municipalities that was the moving force that caused injury to Plaintiff;

79.     That the City of Peoria is not authorized pursuant to A.R.S. §§ 13-3825 *et. seq.* or 13-3827 *et seq.* to maintain their own sex offender registry, only the Department of Public Safety is, and that was the moving force that caused injury to Plaintiff;

80.     That Watch Systems LLC as a private entity is not authorized pursuant to A.R.S. §§ 13-3825 *et. seq.* or 13-3827 *et seq.* to maintain and own a sex offender registry on the behalf of the State of Arizona or any of its municipalities, only Department of Public Safety is and that was the moving force that caused injury to Plaintiff;

81.     That Plaintiff contacted the Clerk of the Superior Court to inquire about filing for a level review hearing pursuant to A.R.S. §13-923 and was told his originating case had to be from Arizona and that he had to be a juvenile offender to receive a hearing;

82.     That Plaintiff contacted the Maricopa County Probation Department to inquire about requesting a level review hearing pursuant to A.R.S. §13-923 and was told his originating case had to be from Arizona and that he had to have committed his offence when he was a minor;

83.     Plaintiff alleges that since only some offenders are given access to level review hearings while others do not it violates the equal protection clause and that was the moving force that caused injury to Plaintiff;

84.     That the Community Notification Guidelines Committee was never officially relieved of its duties to develop and recommend a process for all offenders to obtain classification level review hearings, adopt guidelines in where the court may determine

1   whether or not the offender is required to register any longer and develop guidelines to

2   enable law enforcement to conduct risk assessments on offenders who where convicted

3   prior to June 1st, 1996 and that was the moving force that caused injury to Plaintiff;

4   85.    That on or about August 31st, Plaintiff notified Detective Allen Young and Sergeant

5   Kevin Moran that he was unable to receive a level review under current law and that his

6   due process was being violated. There is no quasi-judicial or judicial review to reverse

7   arbitrary and capricious determinations by state actors and that was the moving force that

8   caused injury to Plaintiff;

9   86.    That is was not until on or about August 31st, 2011 until Plaintiff realized that he

10  could not get a level review hearing, when he authored a letter to the Peoria Police

11  Department putting them on further notice;

12  87.    That after Plaintiff informed Defendant Allen Young and Defendant Kevin Moran

13  that the sex offender registration laws were flawed and his due process was being violated

14  neither Defendant took any steps to correct the conduct and that was the moving force that

15  caused injury to Plaintiff;

16  88.    That Defendant Allen Young and Defendant Kevin Moran acting under the color of

17  state law within the scope of their authority decided to uphold and ratified the risk

18  assessment knowing Plaintiff was denied proper redress and due process and that was the

19  moving force that caused injury to Plaintiff;

20  89.    That the Peoria Police Department statutorily had 45 day's in which to ensure

21  Plaintiff's constitutional rights and due process was not being withheld and or violated

22  before implementing their risk assessment and conducting community notification pursuant

23  to A.R.S. § 13-3825(D);

24  90.    Upon information and belief the City of Peoria has a long standing policy or

25  procedure to conduct risk assessments on pre June 1st, 1996 offenders and failed to properly

26  train its officers Defendant Young and Defendant Moran to conduct risk assessments and

27  community notification in accordance with a persons constitutional rights and to understand

-16-

1  the limitations of their actions since the Community Notifications Guidelines Committee

2  has not completed what it was delegated to do in accordance with A.R.S. 13-3826 *et seq.*

3  and that was the moving force that caused injury to Plaintiff;

4  91.   That Plaintiff researched the Department of Public Safety "Sex Offender Frequently

5  Asked Questions" page on DPS's website wherein it stated *"What is the significance of*

6  *June 1st, 1996" "This is the date that Arizona implemented the community notification*

7  *laws. Any person released from jail, prison or sentenced to probation on or after this date*

8  *is subject to community notification.";*

9  92.   That after researching this information Plaintiff contacted DPS to inquire why he

10  was subject to community notification since Plaintiff's conviction was from 1991 and based

11  upon DPS's own representations community notification only takes place for those

12  convicted on or after June 1st, 1996;

13  93.   That after contacting DPS with the above inquiry instead of assisting Plaintiff with

14  any corrections DPS changed the language to now include the following language

15  *"Additionally, any person convicted prior to June 1st, 1996, may be subject to community*

16  *notification after completion of a risk assessment by law enforcement agency.";*

17  94.   That as of the day this amended complaint was filed DPS's "Sex Offender

18  Community Notification" page states in part *"Once the appropriate community notification*

19  *level is established the local law enforcement agency is required to complete a community*

20  *notification in accordance with Arizona Revised Statute A.R.S. § 13-3826.";*

21  95.   Plaintiff alleges that Defendants are aware that risk assessments and community

22  notification should not have taken place with Plaintiff. A.R.S. § 13-3826(F) states in part

23  *"The committee shall adopt guidelines regarding how community notification pursuant to*

24  *section 13-3825, subsection K should be conducted, including whether community*

25  *notification should occur. The guidelines should provide for flexibility based on resources*

26  *and the availability of records. The committee may adopt procedures that allow offenders*

27  *required to register to not be classified if necessary records are not reasonably available."*

1  A.R.S. § 13-3826(E)(2) also states *"Develop and recommend a process for a sex offender*

2  *to request a notification level review and for the court to determine if a sex offender*

3  *notification level may be reduced or the offender is no longer required to register."*

4  Plaintiff alleges law enforcement must know that they cannot conduct a risk assessment on

5  Plaintiff who was convicted prior to 1996 without the guidelines set out by the Community

6  Guidelines Committee. Since no such guidelines were ever completed as promised in the

7  law the officers were and are restricted from imposing risk assessments and community

8  notification upon Plaintiff and their action were with deliberate indifference to Plaintiff's

9  rights, capricious and arbitrary that was the moving force that caused injury to Plaintiff;

10  96.    That the City of Peoria is responsible for its officers being improperly trained in the

11  area of conducting risk assessments and community notification on offenders that were

12  convicted prior to June 1st, 1996 without any guidelines;

13  97.    That Arizona's sex offender registration laws are unconstitutional since they do not

14  provide access to a level review hearing for all offenders including out of state offenders

15  who are not on probation or parole in this state which was the moving force that caused

16  injury to Plaintiff;

17  98.    That Attorney General Tom Horne or his designee was appointed to the Community

18  Notification Guidelines Committee and abandoned his post and his position that he was

19  appointed to in accordance with A.R.S. §13-3826(A)(3) before recommending a process for

20  all registrants to receive a level review hearing and develop other guidelines in accordance

21  with A.R.S. §13-3826 *et. seq.;*

22  99.    That Plaintiff notified the Arizona Attorney Generals Office – Civil Rights

23  Department asking for assistance and informing them about the deficiency of the sex

24  offender registration laws and the result has deprived Plaintiff's due process and Plaintiff

25  never received a response back from the Civil Rights Department.;

26  100.    That Plaintiff wrote Tom Horne a letter dated 11/03/11 inquiring about his

27  designation to the Community Notification Guidelines Committee, notifying Defendant

1   Horne about the deficiencies in the law and the violation of Plaintiff's constitutional rights.

2   Plaintiff received a response back dated 11/16/11 stating in part *"our office does not*

3   *maintain contacts for this committee."*;

4   101.   That Plaintiff as well wrote the Governor's office inquiring about the Community

5   Notification Guidelines Committee, notifying the Governor about the deficiencies in the

6   laws and the violation of Plaintiff's constitutional rights. Plaintiff received a response back

7   dated 11/14/11 via email stating in part *"It is my understanding that the committee has not*

8   *met since 2008."*;

9   102.   Upon information and belief Defendant Horne abandoned his post and statutory

10   obligation to the Community Notification Guideline Committee or failed to designate

11   someone from his office to participate and develop and recommend a process for all

12   offenders to have access to a level review hearing equivalent to A.R.S.§ 13-923 to

13   challenge the risk assessment classifications amongst other promises in the law pursuant to

14   A.R.S. 13-3826 *et. seq.;*

15   103.   That after Defendant Horne having knowledge of Plaintiff's constitutional

16   challenges regarding the risk assessment and community notification issues instead of

17   assisting Plaintiff Defendant Horne is requiring law enforcement to require Plaintiff to

18   register as a sex offender pursuant to A.R.S. 13-3821 *et seq*. and to subject Plaintiff to

19   community notification;

20   104.   That prior to Plaintiff's sex offender registration going public he was a successful

21   private investigator and had a national television show that aired on the Fox Reality

22   Channel that was based upon his family business of licensed private investigators. Plaintiff

23   has now lost his career and any opportunity for another television show as a result of the

24   conduct of the Defendants;

25   105.   That according to Plaintiff's plea agreement in Orange County Superior Court

26   California C-89189 and when it was signed and agreed upon in 1991, it was based upon the

27

1  laws of PC 290 registration as it existed at the time and was not subject to future changes in

2  the law nor did any of the parties including the state contemplate that it was;

3  106.    That Plaintiff contends under the default rule of contract interpretation that the law

4  in effect at the time of his original plea agreement binds the parties and since it preceded

5  changes in the sex offender registration laws Plaintiff is not subject to the community

6  notification guidelines;

7  107.    That since Plaintiff has been raised to a level II in or about July 7th, 2011, that the

8  City of Peoria Police Department's officers has made numerous random checks at

9  Plaintiff's home and on some occasions late at night after 10:00 pm banging on Plaintiff's

10  door and windows to a degree to cause a disturbance;

11  108.    That since Plaintiff has been raised to a level II and denied a level review hearing he

12  has faced continuous harassment by the public and the government;

13  109.    That instead of Defendant Horne assisting Plaintiff with the constitutional violations

14  he is requiring that the Department of Public Safety deny the renewal of Plaintiff's private

15  investigation license pursuant to A.R.S. §§ 32-2441(10) and 32-2422(A)(11) prohibiting

16  registered sex offenders from having a private investigator license.

17  110.    That A.R.S. §§ 32-2441(10) and 32-2422(A)(11) was enacted specifically with

18  Plaintiff in mind in accordance with HB2430 of Arizona's 50th Legislation Session wherein

19  Mr. Rainer of the Department of Public Safety testified at the Senate on 02/22/12 that DPS

20  decided to make the bill after receiving a call about Plaintiff.

21  111.    That the Department of Public Safety admitted that they did not conduct any other

22  study or research to see whether HB2430 affected anyone else other than Plaintiff and that

23  is an ex post facto bill of attainder.

24  112.    That Plaintiff prior to filing for his renewal of his private investigative license had

25  previously been licensed for approximately 5 years and that Plaintiff has a vested right to

26  continue his profession as a private investigator.

27

-20-

113.     That Defendant Horne and the Agency of Department of Public Safety that Defendant Horne supervises was aware of Plaintiff's status as a registered sex offender when Plaintiff previously qualified for a private investigator license.

114.     That Plaintiff participated at the Senate and had a voice in where Senator Crandall made an amendment to HB2430 giving good cause exceptions for misdemeanor offences but Defendant Horne and his officers Department of Public Safety have ignored the legislative intent of the amendment by informing Plaintiff being a registered sex offender is a total disqualifier.

## IRREPARABLE HARM TO PLAINTIFF

115.     Due to the arbitrary and erroneous assessment of Plaintiff as a Level II offender and the community notification, Plaintiff has lost his career as a private investigator, has lost business opportunities, shunned from his neighbors and community, individuals have reposted on the internet that Plaintiff is a registered sex offender causing further harm to Plaintiff personally and professionally;

116.     Unless Defendants are enjoined from further enforcement of A.R.S. §§ 13-3821, *et. seq.*, 13-3825 *et. seq.*, 13-3822(C), 32-2441(10) and 32-2422(A)(11) Plaintiff will continue to suffer irreparable injury for which there is no adequate remedy at law;

117.     Defendants' enforcement of A.R.S. §§ 13-3821, *et. seq.*, 13-3825 *et. seq.*, 13-3822(c), 32-2441(10) and 32-2422(A)(11) threatens Plaintiff with continuing irreparable injury which there is no adequate remedy at law, including the following;

118.     Plaintiff is being publicly branded as a danger to the community and to the public at large regardless of whether there is a basis for such as assessment and the loss of his career;

119.     Plaintiff does not have a constitutionally sufficient means of contesting the change and determination of his designation to a level II registered sex offender;

120.     Plaintiff is threatened with a multitude of possible adverse consequences resulting from Plaintiff being changed to and classified as a Level II registered sex offender, including shame, humiliation, ostracism, loss of employment, decreased employment

-21-

1   opportunities, loss of housing, interference with family and social relationships, and

2   possible harm inflicted by members of the public who believe that Plaintiff is a danger to

3   the public;

4   121.    Plaintiff is threatened with the loss of anonymity and a chilling of Plaintiff's free

5   speech and associated rights;

6   122.    Plaintiff has lost his right to his licensed profession as a licensed Arizona Private

7   Investigator as a result of being raised to a level II and the enforcement of A.R.S. §§ 32-

8   2441(10) and 32-2422(A)(11);

9   123.    Unless Defendants are enjoined from further enforcement of A.R.S. §§ 13-3821, *et.*

10  *seq.*, 13-3825 *et. seq.*, 13-3822(C), 32-2441(10) and 32-2422(A)(11) Plaintiff will continue

11  to suffer irreparable injury for which there is no adequate remedy at law;

12  ### COUNT ONE: CLAIM AGAINST PEORIA DEFENDANTS: DUE PROCESS
13  ### PROPERTY/LIBERTY INTEREST VIOLATIONS

14  124.    Plaintiff re-alleges and re-incorporates by reference each and every allegation

15  contained above as though fully set forth herein, which was the moving force that caused

16  injury to Plaintiff;

17  125.    When a registrant is raised from a level I to a level II his/her information about being

18  a registered sex offender goes from a "non-public" status a "public" status by having

19  neighbors, schools and daycare centers informed with also disseminating the information to

20  the world wide web pursuant to the Sex offender Registration statutes A.R.S. §§ 13-3821 *et*

21  *seq.* thru 13-3829 *et. seq.;*

22  126.    Plaintiff had a property/liberty interest in the continued freedom to practice as a

23  licensed private investigator which Defendants knew would be destroyed by the arbitrary

24  assignment of level II, with subsequent community notification and publication on the

25  websites;

26  127.    Plaintiff's rights were violated by the arbitrary classification by Defendant Young

27  that was ratified by Defendant Moran without compliance with A.R.S. § 13-3825(K), which

1    only allows risk assessments to be conducted on offenders convicted prior to June 1st, 1996

2    pursuant to the guidelines of the Community Notification Guidelines Committee;

3    128.    That both Defendants had to of known or was improperly trained not to know that

4    the Community Notification Guidelines Committee never developed guidelines to conduct

5    risk assessments of registrants convicted prior to June 1st, 1996;

6    129.    That both Defendant Young and Defendant Moran must have been improperly

7    trained or was deliberately indifferent of Plaintiff's rights that were violated. Both

8    Defendant Young and Defendant Moran failed to take any action after being put on notice

9    of constitutional violations.

10   130.    Plaintiff was stigmatized and labeled with a disability, in that he was categorized as

11   level II.

12   Plaintiff will be irreparably harmed if a preliminary and permanent injunction are not

13   granted enjoining the Defendants, through its agents, from further enforcement of A.R.S. §

14   13-3825 *et seq.;*

15   131.    As a direct and proximate result of the Defendants conduct Plaintiff was damaged an

16   amount to be determined by a jury;

17                        **COUNT TWO: DUE PROCESS**

18   132.    Plaintiff re-alleges and re-incorporates by reference each and every allegation

19   contained above as though fully set forth herein, which was the moving force that caused

20   injury to Plaintiff;

21   133.    Plaintiff has a constitutionally protected liberty and property interest in not being

22   falsely designated and raised to a Level II sex offender who constitutes a danger to the

23   community, Since the date on which Plaintiff originally registered as a sex offender in

24   Arizona as a level I offender who did not present a "danger to the community", there has

25   not been any other convictions of qualified sex offences pursuant to A.R.S. § 13-3821, *et.*

26   *Seq*. The liberty and property interests of Plaintiff arise under the Fourteenth Amendment to

27   the United States Constitution of the United States Constitution and Article 2, § 4 of the

Arizona Constitution. In addition, Plaintiff has a protectable privacy interest which arises under Article 2 § 8 of the Arizona Constitution;

134.    Defendants conduct has harmed and stigmatized Plaintiff. Defendant Young and Defendant Moran's assessment and determination that Plaintiff was a Level II sex offender was based on the same offense which has existed since 1991 wherein Plaintiff was previously determined to be a Level I offender;

135.    Now more than 22 years later, Defendant Young arbitrarily completed a risk assessment that was ratified by Defendant Moran based upon the same conviction that existed in 1991. The Defendants felt they were authorized to conduct and or affirm a risk assessment pursuant to A.R.S. § 13-3825 *et. Seq.* and determined that Plaintiff should be a Level II offender and that he presented a "danger to the community" warranting community notification;

136.    The aforementioned risk assessment demonstrates the arbitrariness of the entire risk assessment system. There is no manner to review or appeal for an independent quasi-judicial or judicial review to reverse arbitrary and capricious determinations by state actors like Defendant Young's risk assessment that Defendant Moran ratified;

137.    The determination made by the Peoria Defendants was arbitrary and capricious and violated Plaintiff's property and liberty interests under the Constitution of the United States of America;

138.    Plaintiff was denied due process in the determination and the denial of a hearing to establish his entitlement to a level that did not result in the damaging publication and stigma;

139.    Defendants' failure to provide timely and adequate notice before reclassifying Plaintiff as a Level II offender, before notifying his community violates the due process clause of the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983, and Art. 2 § 4 of the Arizona Constitution;

140.    Defendants failure to grant Plaintiff an opportunity for a hearing to contest the reclassification and or to provide for any appeal or review of the re-classification, violates the due process clause of the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983, and Art. 2 § 4 of the Arizona Constitution;

141.    Defendants' failure to establish objective and reasonable criteria to use in the classification of sex offenders as promised in the laws itself violates the due process clause of the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983, and Art. 2 § 4 of the Arizona Constitution;

142.    The Defendants are requiring Plaintiff to register in Arizona for one court ordered registration from California when it takes multiple offences in Arizona pursuant to A.R.S. § 13-3821(A)(15),(16),(17),(18) and as such violates Plaintiff's due process;

143.    With Defendants' continued enforcement of A.R.S. § 13-3822(C), Plaintiff will be irreparably harmed if a preliminary and permanent injunction are not granted enjoining the State, through its agents and is threatened with the loss of anonymity and a chilling of Plaintiff's free speech and associated rights;

144.    Plaintiff will be irreparably harmed if a preliminary and permanent injunction are not granted enjoining Defendant Horne, City of Peoria, Defendant Young and Defendant Moran through its agents, from further notifying the community of his sex offender status and posting information on the sex offender website;

145.    Plaintiff will be irreparably harmed if a preliminary and permanent Injunction are not granted enjoining the Defendant Horne, City of Peoria, Defendant Young and Defendant Moran, through its agents, from further requiring Plaintiff to register as a sex offender in Arizona pursuant to A.R.S. § 13-3821 et. seq. and risk assessments pursuant to until there is a process that allows Plaintiff to constitutionally sufficient means of contesting risk assessments that result in community notification and his level being raised to a Level II or whether he is required to register at all;

146.    Plaintiff will be irreparably harmed if a preliminary and permanent Injunction are not granted enjoining the Defendant Horne, City of Peoria, Defendant Young and Defendant Moran, through its agents, from further subjecting Plaintiff to risk assessments and community notification in Arizona pursuant to A.R.S. § 13-3825 *et. seq.* until there is a process that allows Plaintiff to constitutionally sufficient means of contesting risk assessments that result in community notification and his level being raised to a Level II;

147.    Plaintiff will be irreparably harmed if a preliminary and permanent Injunction are not granted enjoining the Defendant Horne, City of Peoria, Defendant Young and Defendant Moran, through its agents, from further subjecting Plaintiff to disclose his "online identifiers", "web sites" and "internet communication service"  pursuant to A.R.S. § 13-3822(C);

148.    As a direct and proximate result of Defendants unlawful conduct, Plaintiff has and will continue to suffer irreparable harm, which will continue absent injunctive relief;

## COUNT THREE: PROCEDURAL DUE PROCESS VIOLATION

149.    Plaintiff re-alleges and re-incorporates by reference each and every allegation contained above as though fully set forth herein, which was the moving force that caused injury to Plaintiff;

150.    Plaintiff has a constitutionally protected liberty and property interest in not being falsely designated and raised to a Level II sex offender who constitutes a danger to the community, Since the date on which Plaintiff originally registered as a sex offender in Arizona as a level I offender who did not present a "danger to the community", there has not been any other convictions of qualified sex offences pursuant to A.R.S. § 13-3821, *et. seq*. The liberty and property interests of Plaintiff arise under the Fourteenth Amendment to the United States Constitution of the United States Constitution and Article 2, § 4 of the Arizona Constitution. In addition, Plaintiff' has a protectable privacy interest which arises under Article 2 § 8 of the Arizona Constitution;

1  151.    Defendants conduct has harmed and stigmatized Plaintiff. Defendant Young's risk

2  assessment and determination ratified by Defendant Moran that Plaintiff was a Level II sex

3  offender was based on the same offense which has existed since 1991 wherein Plaintiff was

4  previously determined to be a Level I offender;

5  152.    Now more than 22 years later, Defendant Young and Defendant Moran has

6  arbitrarily completed and or affirmed their own risk assessment based upon the same

7  conviction that existed in 1991 without any required records when the risk assessment was

8  completed. The Defendants felt they were authorized to conduct and or ratify a risk

9  assessment pursuant to A.R.S. § 13-3825 *et. seq*. and determined that Plaintiff should be a

10  Level II offender and that he presented a "danger to the community" warranting community

11  notification;

12  153.    The aforementioned risk assessment demonstrates the arbitrariness of the entire risk

13  assessment system. There is no manner to review or appeal Defendant Young's risk

14  assessment that Defendant Moran affirmed and ratified;

15  154.    Defendants' failure to provide timely and adequate notice before reclassifying

16  Plaintiff as a Level II offender, before notifying his community violates the due process

17  clause of the Fourteenth Amendment of the United States Constitution, in violation of 42

18  U.S.C. § 1983, and Art. 2 § 4 of the Arizona Constitution;

19  155.    Defendants failure to grant Plaintiff an opportunity for a hearing to contest the

20  reclassification and or to provide for any appeal or review of the reclassification or

21  independent quasi-judicial or judicial review to reverse arbitrary and capricious

22  determinations by state actors, violates the due process clause of the Fourteenth

23  Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983, and Art. 2

24  § 4 of the Arizona Constitution;

25  156.    Defendants' failure to establish objective and reasonable criteria to use in the

26  classification of sex offenders as promised in the laws itself violates the due process clause

27

1    of the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. §

2    1983, and Art. 2 § 4 of the Arizona Constitution;

3    157.    With Defendants' continued enforcement of A.R.S. § 13-3822(C), Plaintiff will be

4    irreparably harmed if a preliminary and permanent injunction are not granted enjoining the

5    Defendant Horne, City of Peoria, Defendant Young and Defendant Moran, through its

6    agents and is threatened with the loss of anonymity and a chilling of Plaintiff's free speech

7    and associated rights;

8    158.    Plaintiff will be irreparably harmed if a preliminary and permanent injunction are

9    not granted enjoining the Defendant Horne, City of Peoria, Defendant Young and

10   Defendant Moran, through its agents, from further notifying the community of his sex

11   offender status and posting information on the sex offender website;

12   159.    Plaintiff will be irreparably harmed if a preliminary and permanent Injunction are

13   not granted enjoining the Defendant Horne, City of Peoria, Defendant Young and

14   Defendant Moran, through its agents, from further requiring Plaintiff to register as a sex

15   offender in Arizona pursuant to A.R.S. § 13-3821 *et. seq.* until there is a process that allows

16   Plaintiff to constitutionally sufficient means of contesting risk assessments that result in

17   community notification and his level being raised to a Level II or whether he is required to

18   register at all;

19   160.    Plaintiff will be irreparably harmed if a preliminary and permanent injunction are

20   not granted enjoining the Defendant Horne, City of Peoria, Defendant Young and

21   Defendant Moran through its agents, from further subjecting Plaintiff to risk assessments

22   and community notification in Arizona pursuant to A.R.S. § 13-3825 *et. seq.* until there is a

23   process that allows Plaintiff to constitutionally sufficient means of contesting risk

24   assessments that result in community notification and his level being raised to a Level II;

25   161.    Plaintiff will be irreparably harmed if a preliminary and permanent Injunction are

26   not granted enjoining the Defendant Horne, City of Peoria, Defendant Young and

27   Defendant Moran, through its agents, from further subjecting Plaintiff to disclose his

-28-

1 │ "online identifiers", "web sites" and "internet communication service" pursuant to A.R.S. §

2 │ 13-3822(C);

3 │ 162.    As a direct and proximate result of Defendants unlawful conduct, Plaintiff has and

4 │ will continue to suffer irreparable harm, which will continue absent injunctive relief;

5 │ **COUNT FOUR: SUBSTANTIAVE DUE PROCESS VIOLATION**

6 │ 163.    Plaintiff re-alleges and re-incorporates by reference each and every allegation

7 │ contained above as though fully set forth herein which, was the moving force that caused

8 │ injury to Plaintiff;

9 │ 164.    Plaintiff has a constitutionally protected liberty and property interest in not being

10 │ falsely designated and raised to a Level II sex offender who constitutes a danger to the

11 │ community, Since the date on which Plaintiff originally registered as a sex offender in

12 │ Arizona as a level I offender who did not present a "danger to the community", there has

13 │ not been any other convictions of qualified sex offences pursuant to A.R.S. § 13-3821, *et.*

14 │ *Seq*. The liberty and property interests of Plaintiff arise under the Fourteenth Amendment to

15 │ the United States Constitution of the United States Constitution and Article 2, § 4 of the

16 │ Arizona Constitution. In addition, Plaintiff has a protectable privacy interest which arises

17 │ under Article 2 § 8 of the Arizona Constitution;

18 │ 165.    Defendants conduct has harmed and stigmatized Plaintiff. Defendant Young and

19 │ Defendant Moran's assessment and determination that Plaintiff was a Level II sex offender

20 │ was based on the same offense which has existed since 1991 wherein Plaintiff was

21 │ previously determined to be a Level I offender;

22 │ 166.    Now more than 22 years later, Defendant Young has completed an arbitrary risk

23 │ assessment, ratified by Defendant Moran based upon the same conviction that existed in

24 │ 1991. The Defendants felt they were authorized to conduct and or ratify a risk assessment

25 │ pursuant to A.R.S. § 13-3825 *et. Seq*. and determined that Plaintiff should be a Level II

26 │ offender and that he presented a "danger to the community" warranting community

27 │ notification;

167.   The aforementioned risk assessment demonstrates the arbitrariness of the entire risk assessment system. There is no manner to review or appeal Defendant Young's risk assessment and community notification that Defendant Moran ratified after being placed on notice of the conduct evidences a deliberate indifference to the rights of Plaintiff;

168.   Defendants' failure to provide timely and adequate notice before reclassifying Plaintiff as a Level II offender, before notifying his community violates the due process clause of the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983, and Art. 2 § 4 of the Arizona Constitution;

169.   Defendants failure to grant Plaintiff an opportunity for a hearing to contest the reclassification and or to provide for any appeal or review of the re-classification, violates the due process clause of the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983, and Art. 2 § 4 of the Arizona Constitution;

170.   Defendants' failure to establish objective and reasonable criteria to use in the classification of sex offenders that were convicted prior to June 1st, 1996 as promised in the laws it self, violates the due process clause of the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983, and Art. 2 § 4 of the Arizona Constitution;

171.   Plaintiff alleges that despite informing Defendant Young that he did not feel comfortable conducting a risk assessment in answering questions without an attorney present that Defendant Young went ahead a raised Plaintiff to a level II knowing that Plaintiff was a licensed Private Investigator shocks the conscience;

172.   With Defendants' continued enforcement of A.R.S. § 13-3822(C), Plaintiff will be irreparably harmed if a preliminary and permanent injunction are not granted enjoining Defendant Horne, City of Peoria, Defendant Young and Defendant Moran, through its agents and is threatened with the loss of anonymity and a chilling of Plaintiff's free speech and associated rights;

-30-

173.   Plaintiff will be irreparably harmed if a preliminary and permanent injunction are not granted enjoining the State, through its agents, from further notifying the community of his sex offender status and posting information on the sex offender website;

174.   Plaintiff will be irreparably harmed if a preliminary and permanent Injunction are not granted enjoining the State, through its agents, from further requiring Plaintiff to register as a sex offender in Arizona pursuant to A.R.S. § 13-3821 *et. seq.* until there is a process that allows Plaintiff to constitutionally sufficient means of contesting risk assessments that result in community notification and his level being raised to a Level II or whether he is required to register at all;

175.   Plaintiff will be irreparably harmed if a preliminary and permanent Injunction are not granted enjoining the State, through its agents, from further subjecting Plaintiff to risk assessments and community notification in Arizona pursuant to A.R.S. § 13-3825 *et. seq.* until there is a process that allows Plaintiff to constitutionally sufficient means of contesting risk assessments that result in community notification and his level being raised to a Level II;

176.   Plaintiff will be irreparably harmed if a preliminary and permanent Injunction are not granted enjoining Defendant Horne, City of Peoria, Defendant Young and Defendant Moran, through its agents, from further subjecting Plaintiff to disclose his "online identifiers", "web sites" and "internet communication service" pursuant to A.R.S. § 13-3822(C);

177.   As a direct and proximate result of Defendants unlawful conduct, Plaintiff has and will continue to suffer irreparable harm, which will continue absent injunctive relief;

**COUNT FIVE: EQUAL PROTECTION**

178.   Plaintiff re-alleges and re-incorporates by reference each and every allegation contained above as though fully set forth herein which, was the moving force that caused injury to Plaintiff;

-31-

179.   Plaintiff has a constitutionally protected liberty and property interest in equal protection of the law.  The liberty and property interests of Plaintiff arise under the Fourteenth Amendment and Fifth Amendment to the United States Constitution of the United States Constitution and Article 2, § 4 of the Arizona Constitution. In addition, Plaintiff' has a protectable privacy interest which arises under Article 2 § 8 of the Arizona Constitution. The foregoing Arizona statutory classifications have no rational basis in any reasonably conceivable state of facts;

180.   A.R.S. § 13-3825 *et. seq.* violates Plaintiff's right to Equal Protection of the laws, in that it authorizes state actors to classify Plaintiff as presenting a risk of committing sex offenses and recidivism, without hearing thus stigmatizing Plaintiff and impairing his liberty, though Plaintiff presents no risk to the public;

181.   The Defendants are requiring Plaintiff to register pursuant to A.R.S. § 13-3821(A) and that violates Plaintiff's equal protection considering his duty to register is to California pursuant to one conviction of indecent exposure and it takes multiple convictions of indecent exposure in Arizona pursuant to A.R.S. § 13-3821(15)(16)(17)(18) before the Court requires registration. Arizona offenders are being treated differently than Plaintiff an out of state offender. The statutory classification has no rational basis in any reasonably conceivable state of facts;

182.   That according to A.R.S. §13-3821(E) "A person who has been convicted, adjudicated guilty except insane or adjudicated delinquent and who is required to register in the convicting or adjudicating state for an act that would constitute an offense specified in subsection A or C of this section and who is not a resident of this state shall be required to register pursuant to this section…" and since Plaintiff is only ordered to register to California pursuant to one count of indecent exposure he does not meet Arizona's criteria;

183.   Currently Arizona is only giving level reviews to persons under 22 years of age who was convicted of an offence that occurred when the person was under 18 years of age pursuant to A.R.S. § 13-923. This violates Plaintiff's rights under the equal protection act

-32-

1  since the law treats one class of offenders differently than another especially considering

2  A.R.S. § 32-3826 *et. seq.* promises that the Community Notification Guidelines Committee

3  would develop a process for a sex offender to request a level review and that process was

4  never developed.  The statutory classification has no rational basis in any reasonably

5  conceivable state of facts;

6  184.    That A.R.S. §§ 13-3821(J) and 13-3822(C) requires registered offenders "required

7  to register pursuant to this article to notify the sheriff within seventy two hours, excluding

8  holidays, after a person makes any change to any required online identifier, and before any

9  use of a changed or new required online identifier." This violates Plaintiff's equal

10  protection in the laws;

11  185.    That the enforcement of A.R.S. §§ 32-2441(10) and 32-2422(A)(11) violates

12  Plaintiff right to equal protection.

13  186.    Defendants conduct has harmed and stigmatized Plaintiff. Defendant Young's

14  assessment and Defendant Moran's, affirmation, ratification and determination that

15  Plaintiff was required to register as a sex offender in Arizona for one conviction of indecent

16  exposure violates Plaintiff's equal protection since it takes multiple Arizona convictions

17  before the Court orders registration requirements;

18  187.    Defendants' failure to give Plaintiff equal protection in the law, violates the

19  Fourteenth and Fifth Amendment of the United States Constitution, in violation of 42

20  U.S.C. § 1983, and Art. 13 of the Arizona Constitution;

21  188.    Plaintiff will be irreparably harmed if a preliminary and permanent injunction is not

22  granted enjoining Defendant Horne, City of Peoria, Defendant Young and Defendant

23  Moran, through its agents, from further requiring Plaintiff to register pursuant to A.R.S. §

24  13-3821*et. seq.,* until there is a process in where the court can decide whether it is

25  necessary for Plaintiff to register at all, conducting risk assessments and community

26  notification pursuant to A.R.S. §13-3825 until there is a process that allows Plaintiff to

27  constitutionally sufficient means of contesting risk assessments that result in community

1  notification and his level being raised to a Level II, requiring Plaintiff to disclose his

2  "online identifiers" and "internet communication service" pursuant to 13-3822(C) that

3  violates Plaintiff's right to anonymity and a chilling of his free speech;

4  189.   As a direct and proximate result of Defendants unlawful conduct, Plaintiff has and

5  will continue to suffer irreparable harm, which will continue absent injunctive relief;

6  **COUNT SIX: UNCONSTITUTIONAL DELEGATION OF LEGISLATIVE POWER**

7  190.   Plaintiff re-alleges and re-incorporates by reference each and every allegation

8  contained above as though more fully set forth herein which was the moving force that

9  caused injury to Plaintiff;

10  191.   Defendant Young and Defendant Moran allegedly relied upon A.R.S. § 13-3825(H)

11  to make their determination to reclassify Plaintiff as a Level II sex offender;

12  192.   A.R.S. § 13-3825(H) does not apply to Plaintiff and is an unconstitutional delegation

13  of legislative power as it violates the "Intelligible Principal" of both the United States

14  Constitution and Arizona Constitution, both of which require the separation of powers

15  between the three branches of the government;

16  193.   The aforementioned statute gives unfettered discretion to local law enforcement or

17  an individual law enforcement officer to determine the community notification

18  classification of a registered sex offender without any guidelines. Defendants wrongfully

19  reclassified Plaintiff because the statute provides no clear guidelines to ensure a just and

20  accurate classification. The statute allows for unfettered, unchecked, biased, discriminatory,

21  and unrestricted determinations by an individual who may not have proper training in the

22  field;

23  194.   The Arizona Supreme Court requires an "intelligible principal" behind any

24  delegation of legislative authority so that it is lawful under the non-delegation doctrine. The

25  Arizona Supreme Court has held that the Arizona Legislature can confer authority upon an

26  agency or department to exercise its discretion in administering the law. The delegation,

27  however, must be limited by clear guidelines which define with sufficient clarity the

1   agency's legal boundaries. The intelligible principal is even more important when criminal

2   statutes are construed and delegation of legislative authority and must be definite and

3   certain;

4   195.    There are no definite, certain, or clear guidelines defining the legal boundaries of

5   who constitutes a "danger to the community" pursuant to A.R.S. § 13-3825(H);

6   196.    As a direct and proximate result of Defendants unlawful conduct, Plaintiff has and

7   will continue to suffer irreparable harm, which will continue absent injunctive relief;

8                    **COUNT SEVEN: UNCONSTITUTIONALLY VAGUE**

9   197.    Plaintiff re-alleges and re-incorporates by reference each and every allegation

10  contained above as though more fully set forth herein, which was the moving force that

11  caused injury to Plaintiff;

12  198.    The term "danger to the community" utilized in Section 13-3825(H) is

13  impermissibility vague in that it does not describe who or what constitutes a "danger to the

14  community." 13-3825(H) fails to give law enforcement agencies clear and explicit

15  standards to utilize in making the community notification and sex offender status

16  determinations. It also fails to provide notice to persons of reasonable intelligence of what

17  constitutes a "danger to the community" and what sex offender status an individual will be

18  placed in;

19  199.    This vagueness invites arbitrary and discriminatory enforcement. There are no

20  objective standards and the risk assessment and community notification determination is

21  enforced according to the personal prejudices of law enforcement;

22  200.    For these reasons, 13-3825(H) is impermissibly vague in violation of the First and

23  Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §

24  1983, and the Arizona Constitution. Defendants, through their employee's Defendant

25  Young and Defendant Moran, have refused to suspend any community notification of

26  Plaintiff. Plaintiff is suffering irreparable harm form the foregoing violation of his

27

1   constitutional rights and will continue to suffer such harm unless this Court enjoins

2   enforcement of these statutes;

3   201.   That A.R.S. §§ 13-3821(J) and 13-3822(C) the definitions "internet identifier" and

4   internet "communication service are impermissibly vague in that persons of common

5   intelligence must guess their meaning; one who reads it narrowly is subject to criminal

6   prosecution and one who reads it to broadly suffers greater infringement of his first

7   amendment rights than the statute require therefore, violate due process and are

8   unconstitutionally vague and invites arbitrary and discriminatory enforcement;

9   202.   As a direct and proximate result of Defendants unlawful conduct, Plaintiff has and

10   will continue to suffer irreparable harm, which will continue absent injunctive relief;

11                **COUNT EIGHT: VIOLATION OF THE FIRST AMENDMENT**

12   203.   Plaintiff re-alleges and re-incorporates by reference each and every allegation

13   contained above as though more fully set forth herein, which was the moving force that

14   caused injury to Plaintiff;

15   204.   The provisions of A.R.S. §§ 13-3821(J) and 13-3822(C) that require registrants to

16   provide their internet identifiers, websites and internet communication service to the

17   government violates the First Amendment rights to free speech and association because the

18   provisions are vague, burden speech without being appropriately tailored to the

19   governments stated goals and require the compelled disclosure of individuals with whom

20   registrants associate;

21   205.   The provisions of A.R.S. §§ 13-3821(J) and 13-3822(C) that require registrants to

22   provide their internet identifiers, websites, and internet communication service violate the

23   First Amendment because they apply to some persons but not to others without sufficient

24   justification.

25   206.   Defendants, acting within the scope of their authority under color of state law, have

26   enforced and implemented the challenged laws against the Plaintiff;

27

207.   As a direct and proximate result of Defendants unlawful conduct, Plaintiff has and will continue to suffer irreparable harm, which will continue absent injunctive relief;

**COUNT NINE: DEFENDANTS FIRST AMENDMENT RETALIATION**

208.   Plaintiff re-alleges and re-incorporates by reference each and every allegation contained above as though more fully set forth herein, which was the moving force that caused injury to Plaintiff;

209.   When Detective Young contacted Plaintiff on June 29th, 2011 to conduct a risk assessment Plaintiff to Defendant young that he did not feel comfortable answering his questions without an attorney present. Defendant Young ignored Plaintiff's request to have counsel present and arbitrarily raised Plaintiff's classification to a level II;

210.   Since Plaintiff told Defendant Young that he did not feel comfortable answering his questions during the risk assessment without his attorney present and the fact that Defendant Young ignored Plaintiff and continued to complete the risk assessment and raise Plaintiff's level to a level II violated his rights under the First and Fourteenth Amendments.

211.   Plaintiff's request to have legal counsel was expression protected under the First and Fourteenth Amendments to the Constitution of the United States;

212.   Defendants' actions, as set forth above, were motivated by Plaintiff's protected activity;

213.   As a direct and proximate result of Defendants unlawful conduct, Plaintiff has and will continue to suffer irreparable harm in an amount to be determined at trial;

**COUNT TEN: VIOLATION OF THE DEFAULT CONTRACT RULE**

214.   Plaintiff re-alleges and re-incorporates by reference each and every allegation contained above as though more fully set forth herein, which was the moving force that caused injury to Plaintiff;

215.   That according to Plaintiff's plea agreement in Orange County Superior Court California C-89189 and when it was signed and agreed upon in 1991, it was based upon the

laws of PC 290 registration as it existed at the time and was not subject to future changes in the law nor did any of the parties including the state contemplate that it was;

216.   That Plaintiff contends under the default rule of contract interpretation that the law in effect at the time of his original plea agreement binds the parties and since it preceded changes in the sex offender registration laws Plaintiff is not subject to the community notification guidelines;

217.   That according to the Arizona Constitution Article II Section 25 and the Constitution of the United States no Bill of Attainder, ex-post-facto *or law impairing the obligation of a contract shall ever be enacted;*

218.   The City of Peoria is responsible for the conduct of Defendant Young for conducting risk a assessment and community notification on Plaintiff that was ratified by Defendant Moran in violation of the Default Contract Rule since Plaintiff nor the State of California anticipated subsequent changes in the laws to have any future binding effect of the plea agreement signed in 1991;

219.   That since Plaintiff has been raised to a level II and denied a level review hearing he has faced continuous harassment by the public and the government;

220.   As a direct and proximate result of Defendants unlawful conduct, Plaintiff has and will continue to suffer irreparable harm, which will continue absent injunctive relief;

**COUNT ELEVEN: VIOLATION OF THE EXPOST FACTO CLAUSE AND BILL OF ATTAINDER CLAUSE**

221.   Plaintiff re-alleges and re-incorporates by reference each and every allegation contained above as though more fully set forth herein, which was the moving force that caused injury to Plaintiff;

222.   Plaintiff alleges that the Attorney General Tom Horne, City of Peoria, Defendant Young and Defendant Moran are aware that legislation had no intention for risk assessments and community notification to be retroactive;

223. Plaintiff alleges that according to the Community Notification Guidelines Committee 12/15/04 Final Report Chairman Gullett commented she is not aware of any retroactivity clause in HB2602 and further stated that as author of HB2602 she never intended nor were there any discussions, to apply the provisions retroactively;

224. Plaintiff alleges that according to the Community Notification Guidelines Committee 12/15/04 Final Report Jim Drake House Rules Attorney advised that Title I states that no statute is retroactive unless it is expressly declared therein, so it seems very clear that unless the legislation contains a retroactivity clause the language would not apply to anyone before August 25th, 2004 which is the general effective date;

225. That A.R.S. §§ 32-2441(10) and 32-2422(A)(11) that was enacted by HB2430 of Arizona's 50th Legislation Session violates the ex post facto and bill of attainder clause.

226. That Defendant Horne's enforcement of A.R.S. §§ 32-2441(10) and 32-2422(A)(11) is unconstitutionally depriving Plaintiff of his liberty and property right to his license as a private investigator in the state of Arizona.

227. That Plaintiff participated at the Senate and had a voice in where Senator Crandall made an amendment to HB2430 giving good cause exceptions for misdemeanor offences but Defendant Horne and his officers Department of Public Safety have ignored the legislative intent of the amendment by informing Plaintiff being a registered sex offender is a total disqualifier.

228. That the Defendants have violated the Arizona Constitution and the Constitution of the United States by violating the ex-post-facto retroactivity clause by enforcing risk assessments and community notification of Plaintiff when it does not apply to him;

229. That since Plaintiff has been raised to a level II and denied a level review hearing he has faced continuous harassment by the public and the government;

230. As a direct and proximate result of Defendants unlawful conduct, Plaintiff has and will continue to suffer irreparable harm, which will continue absent injunctive relief;

## JURY DEMAND

231.    Plaintiff demands a trial jury on all issues so triable.

WHEREFORE, Plaintiff demands that judgment be entered against the Defendant(s) severally, and that judgment enter against the ARIZONA ATTORNEY GENERAL TOM HORNE, in his official capacity for any perspective injunctive relief; and against the following defendants; CITY OF PEORIA a municipality; ALLEN YOUNG individually; KEVIN MORAN individually; jointly and or serially as follows:

232.    An immediate restraining order, preliminary injunction, and permanent injunction enjoining Defendants including Defendant Horne's officers, agents, servants, employees, attorneys and other persons in active concert or participation with Defendant Horne including the County Attorney, City Attorney, or peace officer be restrained from enforcing any of the registration requirements pursuant to A.R.S. §13-3821 on Plaintiff until legislation makes a provision giving out of state offenders who are not on probation or parole to have access to or an equivalent of a level review hearing pursuant to A.R.S. §13-923 in accordance with A.R.S. §13-3825 Subsection (L);

233.    An immediate restraining order, preliminary injunction, and permanent injunction enjoining Defendants including Defendant Horne's officers, agents, servants, employees, attorneys and other persons in active concert or participation with Defendant Horne including the County Attorney, City Attorney, or peace officer be restrained from enforcing any of the community notification until legislation makes a provision giving out of state offenders who are not on probation or parole to have access to or an equivalent of a level review hearing pursuant to A.R.S. §13-923 in accordance with A.R.S. §13-3825 Subsection (L);

234.    A declaration that A.R.S. §§ 13-3825(A), 13-3825(H), and 13-3826(E), on their face and as applied, violate the Fourteenth Amendment of the United States Constitution, be depriving individuals of due process of law before they are classified into a risk level which dictates community notification;

235.    An immediate restraining order, preliminary injunction, and permanent injunction enjoining Defendants including Defendant Horne's officers, agents, servants, employees, attorneys and other persons in active concert or participation with Defendant Horne including the County Attorney, City Attorney, or peace officer be restrained from enforcing A.R.S. §§ 13-3821(J) and 13-3822(C) as they violate the First Amendment;

236.    A declaration that 13-3825(H) are unconstitutionally vague;

-40-

237.    An immediate restraining order, preliminary injunction, and permanent injunction enjoining Defendants including Defendant Horne's officers, agents, servants, employees, attorneys and other persons in active concert or participation with Defendant Horne including the County Attorney, City Attorney, or peace officer be restrained from enforcing any of the provisions in law against Plaintiff pursuant to A.R.S. §§ 32-2441(10) and 32-2422(A)(11).

238.    A declaration that the risk assessment and determination to raise Plaintiff to a Level II offender, and to notify his community, is void;

239.    Preliminary and permanent injunctive relief prohibiting Defendants from any further community notifications concerning Plaintiff.

240.    An award of attorneys' fees, expert fees, if any, and other costs pursuant to 42 U.S.C. § 1988(b) and (c), the private attorney general doctrine, and any other applicable authority or rule of equity;

241.    For general damages of Plaintiff;

242.    For compensatory damages to Plaintiff;

243.    For reasonable punitive damages against all named defendants if applicable;

244.    For taxable costs as provided by law;

245.    For interest as provided by law;

246.    Plaintiffs' costs and attorneys' fees in bringing this action, pursuant to A.R.S. § 12-341.01;

247.    And any and all such further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED on this 14th day of May, 13.

Thomas Scharrer Plaintiff Pro Per
27090 N. 97th Lane
Peoria, AZ 85283

VERIFICATION

That I am the Plaintiff represented Pro Se "Thomas Scharrer" in the above entitled and numbered action and have read the contents of the Plaintiff's Complaint, and know that the allegations contained therein are true and correct, except as to matters alleged on information and belief.

RESPECTFULLY SUBMITTED this 14th day of May , 2013.

Thomas A. Scharrer, Pro Per
27090 W. 97th Lane
Peoria, Arizona 85383